IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JEREMIAH BLOOMER,                    )
                                      )
                Plaintiff,            )
                                      )
        v.                            )     Case No. 18-2275-JWL
                                      )
CHRIS OUELLETTE;                      )
CHRISTINA KOURY, n/k/a CHRISTINA      )
        BIANCHINO; and                )
TARGET CORPORATION,                   )
                                      )
                Defendants.           )
                                      )
_____)

## MEMORANDUM AND ORDER

This matter comes before the Court on plaintiff's motion to remand the case to state court (Doc. # 13). As further set forth below, the Court concludes that plaintiff did not fraudulently join the non-diverse defendant. Accordingly, the Court **grants** the motion, and this case is hereby remanded to the District Court of Johnson County, Kansas.[1]

### I.    Background

In his state-court petition, plaintiff alleged as follows: Plaintiff worked as a pharmacy technician at a Target store. On November 6, 2014, plaintiff filled a prescription

---

[1] Defendants have moved to dismiss the claims against them; the Court addresses the motion to remand first, however, so that in the event of a remand, the state court may address the other substantive issues. *See Sisters of Charity of Leavenworth Health Sys., Inc. v. Prime Healthcare Servs., Inc.*, 2014 WL 105668, at *1 (D. Kan. Jan. 9, 2014) (Lungstrum, J.).

for medications for a customer. On November 7, the customer returned to the store and stated that she had not received a bottle of prescribed amphetamines the previous day. Video revealed that plaintiff had removed an empty bottle from the bag while helping the customer. No amphetamines were found missing from the store's inventory. On November 10, police officers arrested plaintiff based on the surveillance video, and plaintiff's employment was terminated. Plaintiff continually maintained that he did not take any pills from the customer's bag. On November 11, the same customer, while shopping at the store, informed the pharmacist-in-charge (plaintiff's supervisor) that she had found the bottle in question at her home and that no medications were therefore missing. The criminal complaints against plaintiff were eventually dismissed.

Target reported the initial incident to the Kansas Board of Pharmacy ("the Board"), although it did not inform the Board when the customer reported that the pills were not in fact missing. On January 8, 2015, the Board issued an order revoking plaintiff's license, and on July 6, 2016, an administrative law judge (ALJ) upheld the revocation. Plaintiff appealed that decision to the District Court of Shawnee County, Kansas, and on May 3, 2017, that court ruled in plaintiff's favor and reversed the ALJ's decision.[2]

Plaintiff filed the present suit in the District Court of Johnson County, Kansas. In his petition, plaintiff asserts claims of malicious prosecution and defamation against Target Corporation ("Target"); Chris Ouellette, the store manager; and Christina Bianchino, another Target employee. Defendants subsequently removed the case to this Court.

---

[2] This order by the state court was attached to plaintiff's petition, and both parties have cited to the order and treated it as incorporated in the petition.

## II. **Analysis**

In removing this action, defendants invoked the Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332, which requires complete diversity of citizenship between the adverse parties. *See id.*; *Symes v. Harris*, 472 F.3d 754, 758 (10th Cir. 2006). Complete diversity is lacking here---the parties agree that plaintiff is a Kansas citizen and that defendants Ouellette, Bianchino, and Target are citizens of Kansas, Missouri, and Minnesota respectively. Defendants nevertheless argue in their notice of removal and in their response to the remand motion that the Court may exercise diversity jurisdiction because Mr. Ouellette has been fraudulently joined as a defendant.[3]

A fraudulently joined defendant is ignored for purposes of assessing complete diversity. *See Dutcher v. Matheson*, 733 F.3d 980, 987-88 (10th Cir. 2013).

> To establish fraudulent joinder, the removing party must demonstrate either: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court. The defendant seeking removal bears a heavy burden of proving fraudulent joinder, and all factual and legal issues must be resolved in favor of the plaintiff.

*See id.* at 988 (citations and internal quotations omitted). Defendants have not accused plaintiff of actual fraud in his pleading; rather, defendants argue that plaintiff cannot

---

[3] Defendants also assert that Ms. Bianchino has been fraudulently joined as a defendant, but because the parties agree that she is diverse from plaintiff with respect to citizenship, the Court need not address that assertion. *See Hernandez v. Cooper Tire & Rubber Co.*, 2013 WL 141648, at *2 (D. Kan. Jan. 11, 2013) (Lungstrum, J.) (no basis to conclude that a diverse, out-of-state defendant was fraudulently joined to defeat diversity jurisdiction).

3

establish a cause of action against Mr. Ouellette, the non-diverse defendant. Thus, the Court considers whether plaintiff has asserted a viable claim against that defendant.

In his state-court petition, plaintiff asserts malicious prosecution and defamation claims against Mr. Ouellette, but in his response to the motion to dismiss, plaintiff concedes that he has no cognizable defamation claim against that defendant. Plaintiff insists, however, that his malicious prosecution claim against Mr. Ouellette is viable, that Mr. Ouellette has not been fraudulently joined for that reason, and thus that remand is appropriate.

The parties agree that under Kansas law[4] a plaintiff asserting a civil claim for malicious prosecution must prove the following:

(a) That the defendant initiated, continued, or procured civil procedures against the plaintiff.

(b) That the defendant in so doing acted without probable cause.

(c) That the defendant acted with malice, that is he acted primarily for a purpose other than that of securing the proper adjudication of the claim upon which the proceedings are based.

(d) That the proceeding terminated in favor of the plaintiff.

(e) That the plaintiff sustained damages.

*See Nelson v. Miller*, 227 Kan. 271, 276 (1980) (citations omitted); *accord Bergstrom v. Noah*, 266 Kan. 829, 836-37 (1999). Defendants do not dispute that plaintiff's allegations satisfy the fourth and fifth elements, as the revocation of plaintiff's license by the Kansas

---

[4] The relevant events took place in Kansas, and the parties agree that Kansas law governs plaintiff's claims.

4

Board of Pharmacy was eventually overturned, and plaintiff has alleged that he sustained damages from having gone through the revocation proceedings. Defendants do challenge plaintiff's ability to satisfy the first three elements, however.

Plaintiff's theory in asserting this claim is that defendants initiated the Board's revocation proceeding against plaintiff and that they continued the proceeding by failing to report to the Board that the customer had retracted her complaint of missing amphetamines. Defendants argue that plaintiff cannot satisfy the first element for this claim because they did not initiate or continue the Board's proceeding as a matter of law.

With respect to that element, defendants first argue that they are effectively immune from liability for malicious prosecution because they merely reported facts to investigatory officials. Defendants rely on *Arceo v. City of Junction City, Kansas*, 182 F. Supp. 2d 1062 (D. Kan. 2002), in which the court granted summary judgment in favor of a defendant on a claim of malicious prosecution under Kansas law. *See id.* at 1087-89. In that case, the court summarized the law as follows:

> As in a case of action for false imprisonment, merely reporting facts to a law enforcement officer who then deems a crime to have been committed and directs the defendant's arrest is not sufficient to establish this element. Persons supplying information to a public prosecutor will not be liable for malicious prosecution when the prosecutor initiates criminal proceedings, if the person supplies the information in good faith and represents all of the information available to the informant through diligent effort.

*See id.* at 1087-88 (citations omitted). Defendants argue that they should similarly be protected concerning their reporting of facts to the Board. The standard on which defendants rely, however, requires the good faith and truthful reporting of all known facts, and plaintiff has alleged that defendants did not report the information that the customer

5

did not in fact complain of missing pills. Defendants argue repeatedly that their earlier report of missing pills was never proved false because the customer never produced the bottle for them or otherwise "confirmed" that the missing bottle had been found. The Court cannot conclude, however, that plaintiff cannot satisfy this element of the claim as a matter of law. Viewing the facts in plaintiff's favor, the initial report had been prompted by and based on a complaint that the customer effectively disavowed and retracted, and thus the facts as initially reported by defendants were no longer completely true, as there was no longer any basis to believe that the pills were missing.

Defendants also argue, with respect to this first element, that their reporting to the Board was not the determining factor in the Board's decision to proceed with the revocation because the Board undertook its own investigation. This element of causation, however, presents an issue of fact that must be viewed in plaintiff's favor at this juncture. In *Arceo*, the court quoted the Restatement in noting that if a prosecuting officer has been given false information, an intelligent exercise of the officer's discretion to proceed becomes impossible. *See Arceo*, 182 F. Supp. 2d at 1088 (quoting Restatement (Second) of Torts § 653 cmt. g). Thus, even this issue turns on whether defendants made a full disclosure to the Board, which issue must be resolved in favor of plaintiff for purposes of defendants' assertion of fraudulent joinder.

Defendants also argue that plaintiff has not pleaded sufficient facts to support a claim for malicious prosecution against Mr. Ouellette specifically. *See Nelson*, 227 Kan. at 276 ("In order for a person to be liable for wrongful use of civil proceedings it must be shown that the person was affirmatively active in the initiation or continuance of the prior

action."). Defendants further argue that the state-court order (incorporated into the petition) shows that Mr. Ouellette did not know about the customer's retraction and thus could not have been required to report that information to the Board. The Court rejects this argument. Plaintiff alleges in his petition that Mr. Ouellette was the store manager; that he and the other defendants failed to tell the Board about the customer's retraction; and that defendants ignored that new information "to the point of Defendant Ouellette instructing Target employees to not ask any further questions of the customer regarding the situation." Thus, viewed in the light most favorable to plaintiff, the petition alleges that Mr. Ouellette's instruction came in response to the retraction and that he thus participated in the allegedly wrongful conduct. The Court also rejects defendants' argument that a reference in the state-court order of reversal establishes that Mr. Ouellette only knew of the original complaint. In that excerpt, an employee testified before the ALJ that she informed Mr. Ouellette of the customer's statement on November 11, 2014. Thus, the order also refutes the argument that Mr. Ouellette did not know about the retraction.

Defendants also challenge plaintiff's ability to satisfy the second element, which requires a lack of probable cause. The Kansas Supreme Court has discussed this element as follows:

> In order to maintain an action for malicious prosecution, the plaintiff must prove that the defendant initiated the proceedings of which complaint is made without probable cause. Probable cause for instituting a proceeding exists when there is a reasonable ground for suspicion, supported by circumstances sufficiently strong in themselves to warrant a cautious, or prudent, man in the belief that the party committed the act of which he is complaining. In cases for malicious prosecution, the inquiry as to want of probable cause is limited to the facts and circumstances as they appeared to defendant at the time the prosecution was commenced. If the facts are

7

> undisputed, the question of probable cause is one for the court to decide as a matter of law. If the facts tending to establish the existence or want of probable cause are in dispute, it becomes the duty of the trial court to submit the question to the jury.

*See Nelson*, 227 Kan. at 277-78 (citations omitted). Plaintiff argues not that defendants lacked probable cause when they first reported the alleged theft to the Board, but that probable cause ceased to exist after the customer's retraction. Defendants argue that probable cause did not dissipate after the customer's retraction because she did not produce the missing pill bottle or otherwise "confirm" that the pills were never missing. Again, the Court rejects defendants' "lack of confirmation" argument at this stage. As noted above, probable cause initially existed because a customer complained that pills were missing, and when she insisted that the pills were not in fact missing, the basis for the initial probable cause no longer existed. To the extent that defendants seek to rely on other facts arising after the initial complaint to show an additional basis for probable cause (such as efforts to confirm that no pills were missing and Mr. Ouellette's knowledge of those efforts), such facts would be for the jury to decide. Therefore, the Court cannot conclude as a matter of law that probable cause existed after the customer stated that no pills were missing, and thus plaintiff's claim does not founder at this stage on the second element of the cause of action.

Finally, defendants argue that plaintiff has not pleaded sufficient facts to show malice (the third element of the cause of action). Defendants argue that plaintiff has only conclusorily alleged malice and that plaintiff has not alleged facts to show that defendants acted with a purpose other than the good faith reporting of a possible diversion of

8

medications in accordance with their legal duty. The Court rejects this argument as well. First, the rules specifically state that malice may be averred generally. *See* Fed. R. Civ. P. 9(b). In addition, it is not implausible that defendants acted with malice here; the Court agrees with plaintiff that one could reasonably infer from the facts alleged that defendants failed to report or otherwise be moved by the customer's retraction because they sought to justify their hasty termination of plaintiff's employment. Defendants rely on *Davis v. Wal-Mart Stores East, L.P.*, 177 F. Supp. 3d 943 (E.D. Va. 2016), *aff'd in relevant part*, 687 F. App'x 307 (4th Cir. 2017), in which the court held that the facts did not create a plausible inference of malice. *See id.* at 955-56. In so ruling, however, that court noted that "[t]his is not a case where someone has sworn out a warrant and then withheld exculpatory information or actively supported a knowingly false allegation to law enforcement." *See id.* The present case *is* such a case, as plaintiff has alleged that defendants did withhold exculpatory information that undermined the veracity of their previous report to officials, and that action provides evidence that defendants were *not* acting purely in good faith and for the right reasons. Moreover, the Kansas Supreme Court has held that malice may be inferred from the absence of probable cause. *See Nelson*, 227 Kan. at 279. Thus, because plaintiff's allegations satisfy the second element of a cause of action for malicious prosecution, they also satisfy the third element.

In conclusion, defendants have failed to establish that plaintiff's claim against Mr. Ouellette for malicious prosecution cannot succeed. Thus, defendants have not established his fraudulent joinder to this suit, which must be remanded because of a lack of complete diversity of citizenship.

9

IT IS THEREFORE ORDERED BY THE COURT THAT plaintiff's motion for remand (Doc. # 13) is hereby **granted**, and the case is hereby remanded to the District Court of Johnson County, Kansas.

IT IS SO ORDERED.

Dated this 10th day of August, 2018, in Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge
